IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANNY CLAY, CORY BEAL, HUGH )
HOLLON, MONALETO SNEED and )
RODNEY WASHINGTON, )
              )
              ) Case No.
  Plaintiffs,         ) Judge
              ) Magistrate Judge
v.              ) JURY DEMAND
              )
GARY MATHEWS MOTORS, LLC, )
GARY MATHEWS MOTORS, INC., )
GARY MATHEWS NORTH, INC., )
A. GARY MATHEWS and DAVID )
CARSON, individually and d/b/a Gary )
Mathews Chrysler, Dodge, Jeep, )
              )
  Defendants.       )

## COMPLAINT

For their Complaint against defendants Gary Mathews Motors, LLC, Gary Mathews Motors, Inc., Gary Mathews North, Inc., A. Gary Mathews and David Carson, individually and d/b/a Gary Mathews Chrysler, Dodge, Jeep ("defendants"), plaintiffs Danny Clay, Cory Beal, Hugh Hollon, Monaleto Sneed and Rodney Washington ("plaintiffs") state:

### PARTIES

1. Plaintiffs are each former employees of defendants.

2. Defendant Gary Mathews Motors, LLC is a Tennessee limited liability company with its principal place of business at 185 Highway 76, Clarksville, Montgomery County, Tennessee. Defendant Gary Mathews Motors, LLC can be served with process through its registered agent, A. Gary Mathews, 185 Highway 76, Clarksville, Tennessee 37043.

3. Defendant Gary Mathews Motors, Inc. is a Tennessee corporation with its principal place of business at 1100 Ashland City Road, Clarksville, Montgomery County,

Tennessee. Defendant Gary Mathews Motors, Inc. can be served with process through its registered agent, A. Gary Mathews, 1100 Ashland City Road, Clarksville, Tennessee 37040.

4. Defendant Gary Mathews North, Inc. is a Tennessee corporation with its principal place of business at 1100 Ashland City Road, Clarksville, Montgomery County, Tennessee. Defendant Gary Mathews North, Inc. can be served with process through its registered agent, A. Gary Mathews, 1100 Ashland City Road, Clarksville, Tennessee 37040.

5. Defendant David Carson is upon information and belief a resident of Davidson County Tennessee and a management employee of defendants Gary Mathews Motors, LLC, Gary Mathews Motors, Inc. and Gary Mathews North, Inc. Defendant David Carson also does business as Gary Mathews Chrysler, Dodge, Jeep. Defendant Gary Carson may be served with process at his business address, 5800 Crossings Boulevard, Antioch, Tennessee 37013.

6. Defendant A. Gary Mathews is a resident of Clarksville, Montgomery County, Tennessee and an owner of defendants Gary Mathews Motors, LLC, Gary Mathews Motors, Inc. and Gary Mathews North, Inc. Defendant A. Gary Mathews also does business as Gary Mathews Chrysler, Dodge, Jeep. Defendant A. Gary Mathews may be served with process at his business address, 1100 Ashland City Road, Clarksville, Tennessee 37040.

7. Defendants operate for-profit, franchised automobile and truck dealerships within the Middle District of Tennessee. At all relevant times, defendants employed more than 15 individuals, including plaintiffs.

## JURISDICTION AND VENUE

8. This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); the Tennessee Human Rights

Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"); and Tennessee common law. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

9. Plaintiffs Danny Clay, Cory Beal, Hugh Hollon and Monaleto Sneed filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and have received the attached Notices of Right to Sue ("Notice") from the EEOC.

## FACTS

10. Plaintiffs were employed by defendants.

11. During plaintiffs' employment, defendants discriminated against plaintiffs because of their race with respect to the terms, conditions and privileges of employment, including paying plaintiffs less than similarly situated non-African-American employees and providing plaintiffs less valuable benefits than similarly situated non-African-American employees. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

12. During plaintiffs' employment, defendants created, allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

13. Defendants retaliated against plaintiffs because of their opposition to defendants' racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

14. Defendants discriminated against plaintiffs on the basis of their race because of their opposition to defendants' racially offensive, inappropriate and unlawful actions, including

repeated racially derogatory comments, threats and other mistreatment. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

15. Defendants discharged or constructively discharged plaintiffs because of their race and/or their complaining about, opposing and/or refusing to participate in unlawful conduct.

16. Defendants A. Gary Mathews and David Carson retaliated and discriminated against plaintiffs because plaintiffs opposed defendants' discriminatory practices.

17. Defendants A. Gary Mathews and David Carson aided, abetted, incited, compelled and/or commanded persons, including those employed by them and the defendant companies they controlled, to engage in discriminatory practices.

18. As a direct result of defendants' actions, plaintiffs have suffered damages.

19. As a result of their actions, defendants are liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred.

20. As a result of their actions, defendants are liable for punitive damages and for plaintiffs' attorneys' fees.

21. As a result of their actions, defendants are obligated to make plaintiffs whole for all lost earnings and benefits.

**Claim for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Federal and Tennessee Law
(Against Defendants Gary Mathews Motors, LLC, Gary Mathews Motors, Inc., and Gary Mathews North, Inc.)**

22. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 21 herein.

23. Defendants discriminated against plaintiffs in the terms, conditions and privileges of their employment and discharged plaintiffs from their employment because of their race

and/or in retaliation for their opposition to and/or refusal to participate in defendant's racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment, in violation of Title VII, Section 1981 and the THRA.

24. Defendants created, allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions in violation of Title VII, Section 1981 and the THRA.

25. Defendants retaliated against plaintiffs because of their opposition to defendants' racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment, in violation of Title VII, Section 1981, the THRA, and Tennessee common law.

26. As a result of their actions, defendants are liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred as well as for punitive damages.

27. As a result of their actions, defendants are liable for plaintiffs' attorneys' fees.

28. As a result of their actions, defendants are obligated to make plaintiffs whole for all lost earnings and benefits.

### Claim for Violation of Section 1981 and Tenn. Code Ann. § 4-21-301
### (Against Defendants A. Gary Mathews and David Carson)

29. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 28 herein.

30. Defendants A. Gary Mathews and David Carson retaliated and discriminated against plaintiffs because plaintiffs opposed and/or refused to participate in defendants' discriminatory practices, in violation of Section 1981 and the THRA.

31. Defendants A. Gary Mathews and David Carson further aided, abetted, incited, compelled and/or commanded persons, including those employed by them and the defendant companies they controlled, to engage in discriminatory practices, in violation of the THRA.

32. As a direct result of defendant Mathews's and defendant Carson's actions, plaintiffs have suffered damages.

33. As a result of their actions, defendants Mathews and Carson are liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred.

34. As a result of their actions, defendants A. Gary Mathews and David Carson are liable for punitive damages and for plaintiffs' attorneys' fees.

35. As a result of their actions, defendants A. Gary Mathews and David Carson are obligated to make plaintiffs whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiffs demand the following relief:

1. A jury trial and entry of judgment in their favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which they may be entitled.

Respectfully submitted,

_____
Stephen W. Grace, (BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

_____
Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorneys for Plaintiff